IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SCOTT HENNINGER, | |
| Plaintiff, | 4:13-CV-3033 |
| vs. | |
| PADMAPRIYA ASHOKKUMAR, | MEMORANDUM AND ORDER |
| Defendant. | |

     This case is before the Court on several matters: (1) the plaintiff's Motion to Remand Case to State Courts (filing 5), (2) the defendant's Motion to Dismiss Second Cause of Action—Injunction (filing 11), (3) the Findings and Recommendation (filing 15) of the United States Magistrate Judge recommending that the plaintiff's motion to remand be granted, and (4) the plaintiff's Motion for Ruling Re: Attorney's Fees (filing 16). The Court will adopt the Magistrate Judge's findings and recommendation and grant the plaintiff's motion to remand. As a result, the defendant's motion to dismiss will be dismissed for lack of jurisdiction. But the Court will deny the plaintiff's motion for attorney fees, finding it to be without merit.

### MOTION TO REMAND

     The plaintiff's underlying claim is a state-law defamation claim that was filed in state court. *See* filing 1-2. The background for this claim is explained in this Court's decision in related litigation—effectively, the plaintiff is suing the defendant for the allegations made by the defendant in her own lawsuit against the plaintiff and his former colleagues at the University of Nebraska-Lincoln (UNL). *See Ashokkumar v. Elbaum*, ___ F. Supp. 2d ___, 2013 WL 1191191 (D. Neb. Mar. 15, 2013). The defendant removed this case pursuant to 28 U.S.C. § 1441, claiming diversity jurisdiction under 28 U.S.C. § 1332(a). Filing 1. The plaintiff moved to remand the case to state court; the plaintiff argues that the amount in controversy does not exceed $75,000, as required by § 1332(a). *See* filing 5.

     As noted by the Magistrate Judge, in cases removed to federal court, the defendant bears the burden of proving the court has jurisdiction, with all doubts as to the propriety of exercising federal jurisdiction resolved in favor of remand. Filing 15 at 2, (citing *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009); *Transit*

*Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)). And where a complaint does not allege a specific amount of damages, the party seeking to remove the case and invoke federal subject-matter jurisdiction bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. Filing 15 at 2 (citing *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003)). Where the plaintiff seeks injunctive relief the amount in controversy is measured by the value of the object of the litigation. Filing 15 at 3 (citing *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977))).

To establish the amount in controversy, the defendant relies on the federal funding and research grants the plaintiff received while he was employed, and his salary as an associate professor in computer science. Filing 9 at 3. But as the Magistrate Judge found,

> [The defendant]'s speculation regarding the potential damage suffered by [the plaintiff] is not sufficient to meet her burden. [The defendant]'s Notice of Removal makes the conclusory statement that "upon information and belief, [the defendant] asserts that [the plaintiff] seeks more than $75,000 in damages." The only evidence presented by [the defendant] is the current salaries of associate professors at UNL from the 2012-2013 fiscal year. This information is of little, if any, evidentiary value in deciding the amount in controversy. [The plaintiff] has not been employed at UNL since 2008 and his amended complaint does not assert the alleged defamatory statements made by [the defendant] are preventing him from gaining employment or have caused him to lose wages or research grants.
> 
> The defendant has also not met her burden of proving the amount in controversy for the injunctive relief sought by the plaintiff. That is, the defendant has made no attempt to assign a value to, or provide evidence of, the value of the right at issue in this case . . . .

Filing 15 at 4. Accordingly, the Magistrate Judge concluded that the Court lacks subject-matter jurisdiction, and that the plaintiff's motion to remand should be granted. Filing 15 at 4.

The Court notes that the defendant has not objected to the Magistrate Judge's findings and recommendation. 28 U.S.C. § 636(b)(1) provides for de novo review only when a party objected to the magistrate's findings or

recommendations. *Peretz v. United States*, 501 U.S. 923 (1991). The failure to file an objection eliminates not only the need for de novo review, but *any* review by the Court. *Thomas v. Arn*, 474 U.S. 140 (1985); *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609 (8th Cir. 2009). The Court has nonetheless reviewed the Magistrate Judge's findings and will adopt them.

The Court also notes the plaintiff's affidavit in support of his motion to remand, in which the plaintiff avers that his losses are "significantly less" than $75,000. Filing 6 at 2. The Court is aware that generally, a stipulation that a plaintiff will not seek an award exceeding the jurisdictional amount may be used to avoid removal only if filed before the removal. *See Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 789 (8th Cir. 2012); *but cf. Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013). The Court views this affidavit as being more significant, however, because it is not simply stating that the plaintiff will not seek damages in excess of the jurisdictional amount—it is evidence, from the plaintiff, that his actual damages do not exceed the jurisdictional amount. The plaintiff is obviously in a position to present evidence as to his own damages, and that evidence would be compelling even had the defendant met her initial burden of showing the amount in controversy.

In sum, the Court agrees with the Magistrate Judge that the amount in controversy requirement is not met here. Therefore, the Court will adopt the Magistrate Judge's findings and recommendation to that effect, and will grant the plaintiff's motion to remand. And because federal jurisdiction is lacking, the Court will dismiss the defendant's motion to dismiss.

## ATTORNEY FEES

The plaintiff's motion for attorney fees relies on 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The plaintiff contends there was no basis for removal, and suggests that the defendant "purposefully delayed resolution" of the plaintiff's claim. Filing 16 at 2. The Court disagrees.

Courts may award attorney fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Conversely, when an objectively reasonable basis exists, fees should be denied. *Id*. The Court finds that the defendant's arguments here, while ultimately unavailing, were not unreasonable. The plaintiff's failure to specify an amount of damages in his complaint left the defendant in a position to speculate.

And the Court sees no indication that the defendant sought removal in an attempt to deliberately delay adjudication of the plaintiff's claim. While

the Court lacks jurisdiction to resolve the merits of the plaintiff's claim, in the context of evaluating the defendant's motives for removal, the Court notes that the plaintiff's pursuit of a temporary restraining order and temporary injunction is legally dubious. *See Sid Dillon Chevrolet-Oldsmobile-Pontiac, Inc. v. Sullivan,* 559 N.W.2d 740 (Neb. 1997); *see generally Balboa Island Village Inn, Inc. v. Lemen,* 156 P.3d 339 (Cal. 2007). The Court can conceive of no reason that the defendant would want to delay addressing the merits of those requests, and the defendant's motion to dismiss suggests that her intent was simply to choose a forum to which she believed she was entitled—not to delay the proceedings. Therefore, the Court finds no merit to the plaintiff's motion for attorney fees.

IT IS ORDERED:

1. The Findings and Recommendation (filing 15) of the United States Magistrate Judge are adopted.

2. The plaintiff's Motion to Remand Case to State Courts (filing 5) is granted.

3. The defendant's Motion to Dismiss Second Cause of Action—Injunction (filing 11) is dismissed for lack of jurisdiction.

4. The plaintiff's Motion for Ruling Re: Attorney's Fees (filing 16) is denied.

5. This action is remanded to the District Court of Lancaster County, Nebraska.

Dated this 30th day of April, 2013.

BY THE COURT:

John M. Gerrard
United States District Judge